67 F.3d 289
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Santos Reyes-De La CRUZ, a/k/a Santos Reyes-Cruz, a/k/a,
Antonio German Defendant, Appellant.
 No. 95-1499.
 United States Court of Appeals, First Circuit.
 Oct. 6, 1995.
 
 Appeal from the United States District Court for the District of Puerto Rico.
 Benicio Sanchez Rivera, Federal Public Defender, and Gustavo A. Gelpi, Assistant Federal Public Defender, on brief for appellant.
 Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, Ernesto Hernandez-Milan, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.
 D. Puerto Rico
 APPEAL DISMISSED.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant-defendant Santos Reyes de la Cruz appeals on the sole ground that the district court erred in denying his motion for a downward departure from the guideline sentencing range pursuant to Sec. 4A1.3 of the United States Sentencing Guidelines (U.S.S.G.). "It is by now axiomatic that a criminal defendant cannot ground an appeal on a sentencing court's discretionary decision not to depart below the guideline sentencing range." United States v. Pierro, 32 F.3d 611, 619 (1st Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 919 (1995). There is appellate jurisdiction, however, "where the decision not to depart is based on the sentencing court's assessment of its lack of authority or power to depart." United States v. Morrison, 46 F.3d 127, 130 (1st Cir.1995).
 
 
 2
 In determining whether the sentencing court mistakenly believed it lacked authority to depart or "merely refused to exercise its discretionary power to depart, we consider the totality of the record and the sentencing court's actions reflected therein." Morrison, 46 F.3d at 130. The transcript from the sentencing hearing, considered in its entirety, indicates that the district court was well aware of its authority to depart pursuant to U.S.S.G. Sec. 4A1.3.
 
 
 3
 The judge read aloud the relevant paragraph from that section which authorizes departures where a defendant's criminal history category "significantly over-represents the seriousness of a defendant's criminal history...." He then concluded that such circumstances were not present in this case. That determination was an exercise of his discretion and is not reviewable on appeal. See Pierro, 32 F.3d at 619 (explaining that where a judge concludes that " 'this circumstance of which [the defendant] speak[s] has not been shown to exist in this case,' " no appeal lies.).
 
 
 4
 The sentencing judge's statements that, absent the guidelines, he would have imposed a less harsh sentence do not reveal a misapprehension about his authority to depart. Rather, they represent his correct understanding that he is restrained by the guidelines in sentencing the defendant.
 
 
 5
 We lack jurisdiction to review the district court's refusal to depart. Therefore, the appeal is dismissed. Loc. R. 27.1.